**Exhibit A-1**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(NORTHERN DIVISION)

| | |
|---|---|
| FIDELITY AND GUARANTY LIFE INSURANCE COMPANY, : : Plaintiff, : : v. : : CHARLES E. GILMORE, *et al.* : : Defendants. : | CIVIL ACTION NO. S-01-cv-377 |

**CONSENT JUDGMENT**

This is an interpleader action brought by Fidelity and Guaranty Life Insurance Company ("F&G Life"), pursuant to 28 U.S.C. § 1335, 1397, and 2361, to determine the respective rights of J. G. Wentworth, S.S.C., Limited Partnership ("Wentworth"), Charles E. Gilmore ("Gilmore"), and United States Fidelity and Guaranty Company ("USF&G") (collectively the "Interpleader Defendants") to receive payments under F&G Life annuity policy no. I663509 (the "Annuity").

USF&G purchased the Annuity to fund its obligation to make periodic payments to Gilmore pursuant to a settlement agreement among Charles Edward Gilmore and Lisa Ann Gilmore, both Individually and as Next Friends of Samantha Ann Gilmore, Christina Marie Gilmore, Joshua Matthew Gilmore and Katherine Rose Gilmore, El Paso Natural Gas Company and United States Fidelity and Guaranty Company (the "Settlement Agreement").

1

By Order dated February 9, 2001, the Court dismissed F&G Life from the case with prejudice, but providing that F&G Life could seek its attorneys' fees and costs, and ordered the Interpleader Defendants to plead and pursue their claims among themselves in connection with their respective rights and claims to the Annuity payments. Gilmore subsequently filed a Petition pursuant to Chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court for the Northern District of Oklahoma. On May 11, 2001, the Gilmore's Bankruptcy Trustee ("Trustee"), filed a Notice of Suggestion of Bankruptcy in this Court. On May 14, 2001, the Court entered an Order staying the present case. F&G Life subsequently submitted a letter motion requesting that the Court clarify its obligation regarding monthly payments to be made pursuant to the Annuity. On May 30, 2001, the Court entered an Order that stated: "Continued monthly payments are to be made notwithstanding this stay, as that are unaffected thereby." Since the entry of the Court's Order of February 9, 2001, F&G Life has made all payments due under the Annuity into the Registry of the Court.

All Interpleader Defendants have been properly served with process.

Upon the joint Motion of Wentworth, Gilmore, the Trustee, and USF&G, it is this ___ day of _____, 2003, ORDERED:

1.  That pursuant to the Court's authority under 28 U.S.C. § 2361:

    a.  Gilmore, and anyone claiming any interest derived in any way from him, including, but not limited to the Trustee, is permanently enjoined from continuing or ever bringing any action or making any claim against F&G Life, USF&G, El Paso Natural Gas Company and/or Wentworth based upon the Settlement Agreement, the Annuity, or the purchase

2

agreement between Wentworth and Gilmore dated _____, _____, and all amendments and agreements related thereto (the "Purchase Agreement");

      b.    Wentworth, and anyone claiming any interest derived in any way from it, is permanently enjoined from continuing or ever bringing any action or making any claim against F&G Life, USF&G, El Paso Natural Gas Company, Gilmore and/or the Trustee Scott based upon the Settlement Agreement, the Annuity, or the Purchase Agreement;

      c.    USF&G, and anyone claiming any interest derived in any way from it, is permanently enjoined from continuing or ever bringing any action or making any claim against F&G Life, Wentworth, Gilmore, and/or the Trustee based upon the Settlement Agreement, the Annuity, or the Purchase Agreement; and

      d.    F&G Life, and anyone claiming any interest derived in any way from it, is permanently enjoined from continuing or ever bringing any action or making any claim against USF&G, Wentworth, Gilmore and/or the Trustee based upon the Settlement Agreement, the Annuity, or the Purchase Agreement.

2.    That F&G Life is released from any liability to USF&G, Wentworth, Gilmore and/or the Trustee or anyone claiming any interest derived in any way from Gilmore, on account of any Annuity payments F&G Life may have made to any person or entity prior to the date of this Consent Judgment.

3.    That USF&G and El Paso Natural Gas Company are released from any liability to F&G Life, Wentworth, Gilmore, the Trustee, or anyone claiming any interest derived in any way from Gilmore, on account of any Annuity payments F&G Life and/or USF&G may have made to any person or entity prior to the date of this Consent Judgment.

4. That Wentworth is released from any liability to F&G Life, USF&G, Gilmore, the Trustee, or anyone claiming any interest derived from Gilmore, on account of any Annuity payments received by Wentworth prior to the date of this Consent Judgment.

5. That Gilmore is released from any liability to F&G Life, USF&G, or Wentworth on account of any Annuity payments received by Gilmore prior to the date of this Consent Judgment.

6. That 10% of the interest earned on the funds deposited into the Registry of the Court shall be retained by the Court as its Registry fee.

7. That F&G Life's attorneys' fees and expenses in the amount of $2,645.60 shall be paid from the remaining monies in the Registry of the Court.

8. That all remaining monies in the Registry of the Court shall be paid to the Trustee.

9. That F&G Life shall thereafter mail all monthly payments under the Annuity to the Trustee at the following address:

> Patrick J. Malloy III, Trustee
> Malloy & Malloy, Inc.
> 1924 South Utica, Suite 810
> Tulsa, OK 74104

or to any other address or payee as designated by the Trustee at any time in writing to F&G Life without further order of this Court.

10. That the Trustee shall indemnify, defend, and hold harmless F&G, USF&G, and/or El Paso Natural Gas Company from any claim made or action brought by Gilmore or any other person (i) for any payments that were due under the Annuity or the Settlement Agreement

up to this date; or (ii) on account of any Annuity payments that are made to the Trustee pursuant to this Consent Judgment; or (iii) for any actions or omissions occurring prior to the date of this Consent Judgment and arising out of or from the Annuity, the Settlement Agreement, or this Action. The Trustee's indemnification shall include all actual attorneys' fees, costs, and expenses incurred by F&G Life, USF&G, and/or El Paso Natural Gas Company as a consequence of any such claim or action.

11. That nothing in this Consent Judgment shall preclude F&G Life, USF&G and/or Wentworth from raising any claim or issue that was raised or could have been raised in the present case, except for issues relating directly to the Settlement Agreement, the Annuity, or the Purchase Agreement, in any pending or future case.

12. Nothing in this Consent Judgment shall preclude any party from bringing an action to enforce the terms of the Consent Judgment.

13. That this Court shall retain jurisdiction over this matter to enforce any and all matters relating to this Consent Judgment.

                                        Frederic N. Smalkin
                                        United States District Judge

G:\DOCS\GBS\USF&G-Wentworth\012703 Final Attachment A-1 Consent Judgment.wpd